UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KELLIE MARIE LAWRENCE,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**CAROLYN W. COLVIN, Acting** )<br>**Commissioner of Social Security,** )<br>)<br>**Defendant.** ) | **CASE NO.  2:14-CV-2098-SLB** |

## MEMORANDUM OPINION

Plaintiff Kellie Marie Lawrence brings this action pursuant to 42 U.S.C. § 405(g),[1] seeking review of the Commissioner of Social Security's final decision denying her applications for a period of disability, disability insurance benefits ["DIB"], and supplemental security income ["SSI"].  Upon review of the record and the relevant law, the court is of the opinion that the Commissioner's decision is due to be reversed and remanded for further proceedings.

## I. PROCEDURAL HISTORY

Ms. Lawrence filed applications for a period of disability and DIB and for SSI on April 18, 2011, alleging disability beginning November 20, 2010.  (Doc. 7-3 at R.10; doc.

---

[1] The judicial review provisions for a DIB claims, 42 U.S.C. § 405(g), apply to claims for SSI.  *See* 42 U.S.C. § 1383(c)(3).

7-6 at R.105-06, R.112.)[2] Her applications were denied initially. (Doc. 7-3 at R.10; doc. 7-4 at R.56-57.)  Thereafter, she requested a hearing before an Administrative Law Judge ["ALJ"], which was held on December 4, 2012.  (Doc. 7-3 at R.10, R.24; doc. 7-5 at R.9.)  After the hearing, the ALJ found that Ms. Lawrence was unable to perform her past relevant work but that other jobs existed in the national economy in significant numbers that Ms. Lawrence could perform.  (Doc. 7-3 at R.16-18.)  Therefore, the ALJ determined that Ms. Lawrence was not under a disability at any time through the date of his decision, March 11, 2013.  (*Id*. at R.18.)

Ms. Lawrence then requested review of the ALJ's decision by the Appeals Council. (*Id*. at R.5.)  The Appeals Council "found no reason under [its] rules to review the [ALJ]'s decision," and it denied Ms. Lawrence's request for review.  (*Id*. at R.1.)  Therefore, the ALJ's decision is the final decision of the Commissioner.  (*See id.)*

Following denial of review by the Appeals Council, Ms. Lawrence filed an appeal in this court.  (Doc. 1.)

## II. STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, this court's role is a narrow one: "Our review of the Commissioner's decision is limited to an inquiry into

---

[2]Reference to a document number, ["Doc."], refers to the number assigned to each document as it is filed in the court's record. Reference to a page numbers in the Commissioner's record, ["R."], refers to the page number assigned to the record by the Commissioner.

whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The court gives deference to factual findings and reviews questions of law de novo. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner], rather [it] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983)) (internal quotations and other citation omitted). "The Commissioner's factual findings are conclusive if supported by substantial evidence." *Wilson*, 284 F.3d at 1221 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990); *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)). "Substantial evidence" is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Commissioner of Social Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotations and citations omitted).

Conclusions of law made by the Commissioner are reviewed de novo. *Cornelius*, 936 F.2d at 1145. "No . . . presumption of validity attaches to the [Commissioner's] conclusions of law." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III.  **DISCUSSION**

On appeal, Ms. Lawrence argues the Commissioner's decision denying her claim for benefits is not supported by substantial evidence and improper legal standards were applied. Specifically, she contends the ALJ failed to properly evaluate the credibility of her subjective complaints of pain, and he did not give appropriate weight to the opinion of her treating physician, Dr. Larry Doug Alford.  The Commissioner has responded, arguing that the ALJ's findings are supported by substantial evidence and that he applied the correct law.

Ms. Lawrence filed applications for disability benefits, alleging she was disabled because of fibromyalgia, pain, depression, and fatigue. (*See* doc. 7-7 at R.146.) She testified that she was disabled due to constant pain. (*See* doc. 7-3 at R.32-33.)  The ALJ found that Ms. Lawrence had the severe impairment of obesity. (*Id*. at R.12.)  He found that Ms. Lawrence's "upper respiratory infections, urinary tract infections, acute bronchitis, constipation, and headaches," which were impairments shown by her medical records, were not severe impairments; her opiate dependency was non-severe; and her fibromyalgia was not a medically-determinable impairment.  (*Id*. at R.13-14.)  He did not discuss any impairment caused by low back pain. (*See id*. at 12-14.)

In his decision, the ALJ found Ms. Lawrence could perform a limited range of light work. (*Id*. at 14.)  He wrote:

> The claimant testified that she is unable to work because she does not know how she will feel from one day to the next.  The claimant testified that she has 7 to 8 knots across her back.  She estimated she has [4] good days per month. She reported difficulty functioning mentally due to pain.   The claimant

4

testified she has migraine headaches [4] days per week that last 4 to 24 hours. ***The claimant is treated at a pain clinic with medication***. She also soaks in a hot bath. The claimant admitted that medication has reduced the knots, or trigger points, in her back to 3 to 4. She reported an inability to lift more than 20 pounds or walk more than half a block. The claimant testified to difficulty doing housework, and has a need to alternate sitting and standing. She stated she moves every few minutes.

The longitudinal medical evidence of record does not fully support the claimant's allegation of disability. Medical records from Gene Watterson, Jr., M.D., in February 2001 documented subjective clouding of sensorium and reports of pain. Neurologically, the claimant was intact, and appeared in no apparent distress. No palpable abnormalities or spasms were identified in the lumbar spine. Hepatitis panel, thyroid screening, and other laboratory testing was negative. The claimant was treated symptomatically for her complaints (Exhibits 1F and 2F).

Progress notes from Larry Alford, M.D., in February 2011 show the claimant was taking Suboxone for past opioid dependence. She reported little pain relief with narcotic medications. Records in March 2011 show complaints of increased pain and poor sleep. The claimant weighed 180 pounds, and her Body Mass Index (BMI) was 32%. In April 2011, the claimant presented with a weight of 179 pounds, and BMI of 31.82%. Physical examination showed joint tenderness, decreased range of motion in the cervical and lumbar spine, and multiple trigger points. Dr. Alford opined that the claimant was totally and permanently disabled (Exhibit 2F).

Updated records from Dr. Alford in September 2012 noted improved pain with analgesics. The claimant denied neck pain, shoulder pain, and upper back pain. The claimant weighed 177 pounds, and her BMI was 31.47% (Exhibit 5F).

After careful consideration of the evidence, the [ALJ] finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible . . . .

In terms of the claimant's alleged limitations, the [ALJ] finds her testimony less than credible. The claimant alleges multiple complications due to pain.

> Despite this, she is able to prepare simple meals, take her children to school, and shop 2-3 times per week. She can also do laundry and help her children with homework without assistance. The claimant also alleges back spasms, but this is not documented in the medical evidence. The most recent progress report from Dr. Alford in September 2012 showed an improvement in pain with analgesics. The claimant also denied pain in the neck, shoulders, and upper back during her appointment. (Exhibits 2F and 5F).
>
> As for the opinion evidence, the [ALJ] gives little weight to Dr. Alford's opinion that the claimant is disabled, which is not a medical opinion, but rather goes to the ultimate issue of disability, which is reserved to the Commissioner pursuant to SSR 96-5p. Further, Dr. Alford's opinion is based on the claimant's reports of an inability to get out of bed, and her subjective pain levels. Dr. Alford admitted in December 2010 that the claimant had no clear etiology of her symptoms, as rheumatologic labs were negative. There is no objective testing to substantiate Dr. Alford's opinion. Despite continued warnings regarding opiate dependence, and diagnosis of that impairment, narcotic pain medication was continually prescribed without any objective basis for any impairment that could produce moderate to severe pain. (Exhibits 2F and 5F).
>
> The [ALJ] gives significant weight to the State agency physical residual functional capacity assessments and Psychiatric Review Technique form indicating the ability to perform a range of light work, and no mental limitations. Findings are consistent with the claimant's activities of daily living, and medical records showing improvement in pain levels with analgesic medication (Exhibits 3F and 4F).
>
> In sum, the above residual functional capacity assessment is supported by the claimant's self-report of her activities of daily living which include laundry three times per week, shopping 2 to 3 times per week, preparation of simple meals, and assisting her children with homework. Her activities of daily living are commensurate with light work activity. Additional limitations were added based [on] the possible side effects of medication, and the effect her body habitus may have on her ability to perform certain postural activities (Exhibits 5E, 2F, and 5F).

(Doc. 7-3 at 15-16 [emphasis added.])

Despite Ms. Lawrence's testimony that she was currently being treated at a pain clinic, together with evidence from the pain clinic in the record with her list of medications, (*see* doc. 7-7 at R.190-92), the ALJ did not attempt to obtain her treatment records from the pain clinic nor did he discuss the diagnosis and treatment that is evident from the letters, beyond noting the fact of this treatment in his summary of Ms. Lawrence's testimony, (doc. 7-3 at 15). This was error and the court, *sua sponte*, reverses and remands to the Commissioner pursuant to sentence 4 of 405(g).[3]

The record contains two letters, addressed to Ms. Lawrence from Dr. Michael Scott Kendrick, providing a "summary" of Ms. Lawrence's visits with Dr. Richard Maughon at Southside Pain Specialists. (Doc. 7-7 at 190, 192.) The letters were included in Exhibit 9E, which is a list of Ms. Lawrence's medications from her pharmacy. The court finds these letters significant because they indicate that Ms. Lawrence, who has a history of treatment for opiate dependency, was receiving treatment with opioid pain medication, including morphine and Percocet, for neck pain and lower back pain. (*See id*. at 190-92.) Therefore, the records from this treating source, compared with other evidence of record, could support

---

[3]The court notes that the Eleventh Circuit has not had occasion to address whether a district court may remand a case under sentence four sua sponte. "However, there is precedent for a court to *sua sponte* remand a case back to the ALJ under sentence four of 42 U.S.C. § 405(g)." *Seay v. Colvin*, No. 12-CV-14410, 2013 WL 5785782, at *12 n.4 (E.D. Mich. Oct. 28, 2013)(citing, *inter alia*, *Martin v. Comm'r of Soc. Sec.*, 61 Fed. Appx. 191 (6th Cir. 2003) (Moore J., dissenting)(quoting *Iognia v. Califano,* 568 F.2d 1383, 1387 (D.C. Cir. 1977)); *Wenzlick v. Astrue*, 2009 WL 2777711 (E.D. Mich. Aug. 28,. 2009)).

either a finding that Ms. Lawrence suffers from pain so significant as to preclude all work *or* that Ms. Lawrence has exaggerated her symptoms to obtain opiates.[4]

On appeal, neither party addresses Ms. Lawrence's treatment for pain by Dr. Kendrick and Dr. Maughon, although the record contains evidence of such treatment in the form of letters to Ms. Lawrence and her testimony. (Doc. 7-7 at R.190-92; doc. 7-3 at R.26, R.28-29, R.31-33.) The letters to Ms. Lawrence, purporting to be "summaries" of her visits, state, *inter alia*, that she was prescribed morphine and Percocet, among other medications, for pain. (Doc. 7-7 at 190-92.) The letters constitute medical opinions because they are "statements from physicians . . . that reflect judgments about the nature and severity of [Ms. Lawrence's impairment[s]." *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011)(quoting 20 C.F.R. § 404.1527(a)(2); 20 C.F.R. § 416.927(a)(2)). However, other than a statement that Ms. Lawrence had been treated at a pain clinic, he did not reference any diagnosis and treatment by the doctors at the pain clinic for low back pain.

"In reviewing claims brought under the Social Security Act, [the court's] role is a limited one. [It] may not decide the facts anew, reweigh the evidence, or substitute [its]

---

[4]The court finds that the failure of counsel for Ms. Lawrence to provide these records and to argue their significance likely caused the error. The court does not exclude the possibility that such omissions were intentional as the pain clinic records may well support a finding that Ms. Lawrence has made inconsistent statements to health-care providers for the purpose of obtaining pain medication given her history of opiate dependency. Nevertheless, the Commissioner has a duty to discuss relevant medical treatment records and, if these records support Ms. Lawrence's claim for benefits, her attorney's omissions in failing to present these records is not a substantial reason for the denial of those benefits.

judgment for that of the [Commissioner]." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1939 (11th Cir. 1983.) However, "within this narrowly circumscribed role, [the court] do[es] not 'act as [an] automaton[ ].' [It] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Id*. (quoting *Ware v. Schweiker,* 651 F.2d 408, 411 (5th Cir.1981))(other citations omitted).

The Eleventh Circuit has held "that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding the treating physician's diagnosis." *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991).

> [T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)(per curiam). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Therefore, when the ALJ fails to "state with at least some measure of clarity the grounds for his decision," we will decline to affirm "simply because some rationale might have supported the ALJ's conclusion." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)(per curiam). In such a situation, "to say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Cowart*, 662 F.2d at 735 (quoting *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979)) (internal quotation marks omitted).

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011).

Where, as here, the ALJ does not discuss a treating physician's opinion and his conclusions suggest he did not consider the opinions, the court "cannot determine whether the ALJ's conclusions [are] rational and supported by substantial evidence." *Id*.; *see also*

9

*Himes v. Comm'r of Soc. Sec.*, 585 Fed. Appx. 758, 766 (11th Cir. 2014). Therefore, the decision of the Commissioner will be reversed.

On remand, the ALJ must explicitly consider and explain the weight accorded to all medical opinion evidence. He may also request additional information from medical sources of record in addition to any other action she deems appropriate.

## CONCLUSION

For the reasons set forth above, the decision of the Commissioner is due to be reversed and this cause remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum Opinion. An Order in conformity with the Memorandum Opinion will be entered contemporaneously.

**DONE** this 5th day of November, 2015.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE